## CIRCUIT COURT OF FAIRFAX COUNTY

Rebecca Somers-Shiflet

v.

Rodger Allen Shiflet

October 14, 1992

Case No. (Chancery) 121436

BY JUDGE STANLEY P. KLEIN

This matter came before the Court on October 2, 1992, for a hearing on Complainant's request for entry of a Decree of Annulment. Ms. Barston [guardian for the defendant] objected to the entry of the Decree of Annulment on the grounds that her client was entitled to a final hearing on spousal support and that the Court must set an appropriate fee for her services as *guardian ad litem* before the final decree was entered.

The Bill of Complaint filed in this matter prayed that the proported marriage of the parties be declared a nullity. The Defendant's Answer joined in the Complainant's prayer that an annulment be granted. The Commissioner in Chancery who heard the evidence in this matter recommended that the Complainant be granted an annulment and that the Court find "that this marriage is void pursuant to the provisions of § 20–45.1 of the Code of Virginia 1950 as amended, on the basis that the parties to this marriage lacked the capacity to consent to it due to mental incapacity or infirmity." No exceptions were filed to these recommendations of the Commissioner in Chancery.

The presentation of the proposed decree was initially noticed for hearing on September 25, 1992. Because of Ms. Barston's unavailability, the Court continued the hearing on September 25, 1992, and Mr. Bywater re-noticed it for October 2, 1992. At the hearing on October 2, 1992, Ms. Barston acknowledged that if the Court were to

decree an annulment pursuant to § 20–45.1 of the Code, her client would not be entitled to spousal support. Nonetheless, she requested that the matter be continued for a hearing on spousal support to October 30, 1992. The sole spousal support sought in this matter is a lump sum payment of $2,000.00 arising out of the Defendant's disposition of a stereo system allegedly at the Complainant's request. Ms. Barston further represented that she did not have all of her time records available at that time but had invested a substantial period of time in representing Mr. Shiflet in this matter.

Pursuant to § 20–45.1 of the Code, a marriage entered into when either of the parties lacks the capacity to consent to the marriage is *void* from the time it so declared. As the marriage is deemed void as of the entry of the decree, the Court would have no power to award spousal support to the Defendant in such a decree. *See, Kleinfield v. Veruki*, 7 Va. App. 183 (1988). While acknowledging that this is the state of the law of Virginia, Ms. Barston attempts to avoid its clear import by seeking to have the support ordered *prior to* the entry of the decree. Spousal support may be awarded either on a *pendente lite* basis pursuant to § 20–103 of the Code or at the final hearing pursuant to § 20–107.1 of the Code. No *pendente lite* spousal support motion has ever been filed notwithstanding the fact that this matter has been pending before this Court since May of 1991. As these parties were married slightly over two months before the filing of the Bill of Complaint in this matter and the sole basis alleged for spousal support, is the disposition of the stereo system, no award of *pendente lite* support would be proper. As a result, the Court declines Ms. Barston's invitation to defer the entry of the Decree of Annulment until after October 30, 1992, so that such a *pendente lite* motion could be presented. Moreover, as this Court is declaring the marriage of these parties void, there is no basis for a final hearing on spousal support.

The Court commends Ms. Barston on her earnest representation of Mr. Shiflet's interests as his Court appointed *guardian ad litem* in this matter. However, in setting a fee for a *guardian ad litem* in circumstances such as these, the Court must consider not only the actual time expended by the *guardian ad litem* but also the services which were reasonably necessary in light of the pleadings in the case and the time expended by other Court appointed guardians under similar circumstances. Upon consideration of these factors and the inability of the Defendant's estate to pay for Ms. Barston's services,

the Court sets the *guardian ad litem's* fee at $750.00 which is taxed as costs in this proceeding pursuant to § 8.01–9 of the Code. The Court hopes and expects that the Complainant shall pay this fee to Ms. Barston within thirty days of today's date.